The Bank of the Empire State *vs.* Booton *et al.*

---

The Bank of the Empire State, for use, plaintiff in error, *vs.* Daniel F. Booton *et al.*, defendants in error.

Where an appeal was entered without date by an agent, and a motion was made to dismiss the same because not entered within time, and because the agent had no written authority to act in the premises, upon the hearing of such motion, the *ex parte* affidavit of such agent to the effect that he "had instructions in writing, and authority to enter such appeal, and that the writing was lost so he could not file it in the clerk's office," was inadmissible.

Appeals. Principal and agent. Before Judge Buchanan. Floyd Superior Court. January Term, 1874.

For the facts of this case, see the decision.

Dabney & Fouche; Daniel S. Printup, for plaintiff in error.

E. N. Broyles, for defendant.

Warner, Chief Justice.

This was a motion to dismiss an appeal from the county court of Floyd county, on the following grounds:

1st. Because said appeal was not entered within four days from the date of the adjournment of the term of the court in which the cause was originally tried.

2d. Because said appeal was entered by P. M. Sheibley, agent for D. F. Booton and the other defendants, without any written authority.

3d. Because there was no legal appeal bond in said cause, the original bond on the minutes of the county court being signed thus:

"P. M. Sheibley, agent for D. F. Booton, John Harkins. [L.S.] A. J. Bearden and N. C. Napier, P. M. Sheibley. [L.S.]"

The defendant offered as evidence the affidavit of P. M. Sheibley, in which Sheibley deposed that he had written authority to enter an appeal, and the writing was lost, so that he could not file it in the clerk's office. Plaintiff objected to this affidavit being received as evidence; the objection was overruled, and plaintiff excepted.

The affidavit of Sheibley is as follows:

"I had instructions in writing and authority to enter an appeal, and the writing was lost, so that I could not file it in the clerk's office.            "P. M. SHEIBLEY.

"Sworn to and subscribed July 24th, 1869.

          "THOMAS J. PERRY, J. P."

The minutes of the county court were introduced, and the original bond was without date, nor did said minutes show when said bond was made, nor when the court adjourned; the page preceding the one on which the bond appeard was headed: "Floyd County Court, November 23d, 1867," but all the verdicts and orders thereon were dated November 18th, 1867. The page on which the bond was written was without date, except that just preceding the bond was a verdict dated November 18th, 1867; on the page following the appeal bond were other appeal bonds, dated November 26th, 1867.

E. N. Broyles, of counsel for the defendant, Booton, introduced the following writing:

The Bank of the Empire State *vs.* Booton *et al.*

"THE BANK OF EMPIRE STATE *vs.* JOHN HARKINS AND OTHERS, DANIEL F. BOOTON.

"*Appeal from Floyd County Court.*

"P. M. Sheibley, as my agent, having entered an appeal in the above stated case, I do hereby ratify and confirm the act of said Sheibley in entering an appeal in said cause, on my behalf, and I hereby fully adopt his action in that matter.

"D. F. BOOTON."

On the back of said paper was this entry: "Filed in clerk's office superior court, this July 29, 1869.

"A. E. Ross, Clerk."

Mr. Broyles stated in his place that to the best of his recollection the appeal was entered in time, and he also admitted that he had always kept the above copied ratification in his possession and with his papers, and also that all the signatures to said original bond were in the handwriting of P. M. Sheibley.

The court, after argument had, refused to dismiss said appeal upon each of the grounds in said motion taken, and counsel for plaintiff excepted.

This court has uniformly recognized a very liberal rule in sustaining appeals when the party appealing has shown a *bona fide* intention to do so within the four days allowed by law. It has gone so far as to hold that where the appeal bond has no date, it will presume that the clerk did his duty, and that the appeal was entered within the four days, in the absence of any proof to the contrary; that the appeal bond is good if signed by the security only: 1 *Kelly's Reports*, 279. In this case, it appears from the record, that the verdict in the county court was taken at the November term thereof, 1867, by which the plaintiff's debt was pretty liberally scaled. On the 19th day of July, 1869, Booton filed his plea, under oath, that the note sued on had been given in aid of the rebellion and was void, as provided by the 17th section of the 5th article of the constitution of 1868. The affidavit of Sheibley that he had

instructions in writing to enter the appeal, is dated the 24th day of July, 1869. The ratification by Booton of Sheibley's act in entering the appeal, is without any date, but appears to have been filed in the clerk's office on the 27th day of July, 1869. When the verdict was taken in 1867, the constitution of 1868, allowing the defense pleaded by the defendant on the 19th of July, 1869, had not been adopted—that constitution was not adopted and ratified until July, 1868. The appeal bond bears no date. The affidavit of Sheibley is dated in July, 1869, but does not state that he had authority in writing to enter the appeal within the time allowed by law, or that he did so enter it within that time. In view of the facts disclosed in the record of this case, the court erred in allowing the *ex parte* affidavit of Sheibley to be received as evidence over the objection of the plaintiff. Sheibley should have been examined as a witness, and the plaintiffs have had an opportunity to cross-examine him. We do not direct the appeal to be dismissed, but direct that there shall be another hearing of the motion to dismiss it, in order that the truth in relation to the entering of the appeal may be ascertained by competent evidence.

Let the judgment of the court below be reversed.